IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEANNE H. VALLENTINE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:22-CV-44 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Intermountain Healthcare's ("Intermountain") Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff was formerly employed as a registered nurse in Intermountain's Surgical Center for sixteen years. During her employment, Plaintiff was the subject of many complaints from her co-workers, alleging that Plaintiff was intimidating and unprofessional.[1] In July 2019, Plaintiff's co-workers submitted complaints about her to human resources.[2] These complaints were then elevated to Director Dusty Clegg, who oversaw the surgical center where Plaintiff worked.[3] Ms. Clegg conducted an investigation into the complaints.[4] Due to the nature of the complaints, Ms.

---

[1] Docket No. 19 Ex. B ¶ 3.

[2] Docket No. 19 Ex. C ¶ 7; Docket No. 19 Ex. D ¶ 5.

[3] Docket No. 19 Ex. C ¶ 8; Docket No. 19 Ex. D ¶ 2.

[4] Docket No. 19 Ex. C ¶¶ 7–8; Docket No. 19 Ex. D ¶ 5.

1

Clegg decided to suspend Plaintiff while the investigation was ongoing.[5] Ms. Clegg scheduled a meeting with Plaintiff on September 4, 2019.[6] During the September 4 meeting, Plaintiff stated that she was resigning.[7] Plaintiff provided a pre-written letter of resignation.[8] She also provided Ms. Clegg a letter dated August 4, 2019, wherein she referenced age discrimination.[9] It was not until the September 4 meeting that Ms. Clegg was aware that Plaintiff had complaints about possible age discrimination.[10]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[12] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[13]

---

[5] Docket No. 19 Ex. C ¶ 12; Docket No. 19 Ex. D ¶ 8.

[6] Docket No. 19 Ex. D ¶ 9.

[7] *Id.* ¶ 14; Docket No. 19 Ex. E.

[8] Docket No. 19 Ex. D ¶ 14; Docket No. 19 Ex. C-10.

[9] Docket No. 19 Ex. D ¶ 15; Docket No. 25 Ex. 2.

[10] Docket No. 19 Ex. D ¶ 15; Docket No. 19 Ex. A, at 109:21–24.

[11] Fed. R. Civ. P. 56(a).

[12] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[13] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

III.  DISCUSSION

Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[14] The ADEA further states:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.[15]

Plaintiff brings claims for both discrimination and retaliation under the ADEA. Both claims are discussed below.

A.   DISCRIMINATION

Plaintiff's claim for age discrimination is evaluated under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[16]

> Under *McDonnell Douglas*, the plaintiff first bears the burden of establishing a prima facie case of age discrimination. If the plaintiff carries this burden, the employer must then come forward with some legitimate, non-discriminatory reason for the adverse employment action. If the employer succeeds in this showing, the burden shifts back to the plaintiff to show that the employer's proffered justification is pretextual.[17]

---

[14] 29 U.S.C. § 623(a)(1).

[15] *Id.* § 623(d).

[16] *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1278 (10th Cir. 2010) (citing *McDonnell Douglas*, 411 U.S. 792, 802–04 (1973)).

[17] *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008).

To state a prima facie case "the plaintiff must show: 1) she is a member of the class protected by the statute; 2) she suffered an adverse employment action; 3) she was qualified for the position at issue; and 4) she was treated less favorably than others not in the protected class."[18] The Court will assume, for the purposes of this Motion, that Plaintiff has set out a prima facie case of discrimination as to her suspension without pay.[19]

Plaintiff has not, however, presented a prima facie case on her constructive discharge claim. "The plaintiff's burden in establishing constructive discharge is substantial."[20] "A constructive discharge occurs when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign."[21] "The conditions of employment must be objectively intolerable; the 'plaintiff's subjective views of the situation are irrelevant.'"[22]

Plaintiff has failed to meet her substantial burden. There is no evidence from which a reasonable jury could conclude that Defendant made working conditions so intolerable that a reasonable person in Plaintiff's position would feel forced to resign. While Plaintiff may have felt this way, her subjective views are irrelevant. There is no evidence that Plaintiff's employment was objectively intolerable. Indeed, in her resignation letter, Plaintiff stated that she

---

[18] *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998).

[19] *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998) ("Actions such as suspensions . . . are by their nature adverse, even if subsequently withdrawn.").

[20] *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980 (10th Cir. 2008) (citation omitted).

[21] *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004) (citation omitted).

[22] *Sanchez*, 164 F.3d at 534 (quoting *Yearous v. Niobrara Cnty. Mem'l Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997)).

had enjoyed working at the surgical center and even offered to stay for an additional two weeks.[23] This belies the notion that her employment was objectively intolerable.

Plaintiff only argues that she formed a reasonable belief that she was going to be terminated. Not only is that belief unsupported by the evidence,[24] it is irrelevant. The test is an objective one and therefore Plaintiff's subjective belief that she would be fired is irrelevant.[25] Thus, the Court will continue its discussion of the *McDonnell Douglas* framework only as it relates to Plaintiff's suspension.

Next, Defendant has provided legitimate, non-discriminatory reasons for its employment decisions and Plaintiff does not argue otherwise. Defendant has presented evidence of years of complaints concerning Plaintiff's behavior. This came to a head in July 2019, when multiple co-workers complained to human resources, leading to Ms. Clegg's investigation. During the investigation, Ms. Clegg made the decision to suspend Plaintiff. These complaints and Defendant's response to them are legitimate, non-discriminatory reasons for Defendant's actions. Thus, the issue is whether there is evidence of pretext.

"To establish pretext, [Plaintiff] must present 'evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory

---

[23] Docket No. 19 Ex. C-10.

[24] Docket No. 19 Ex. E, at 34–40.

[25] *Sanchez*, 164 F.3d at 534; s*ee also Sampson v. Kane Is Able, Inc.,* 812 F. App'x 746, 751 (10th Cir. 2020) (finding that the plaintiff's subjective belief that he had been terminated did not support his constructive discharge claim).

reasons.'"[26] "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision, we do not look to the plaintiff's subjective evaluation of the situation."[27] The Court must consider whether the employer honestly believed the reasons given for termination, and whether the employer acted in good faith.[28] However, the Court "may not second guess the business judgment of the employer,"[29] or consider whether its reasons were "wise, fair, or correct."[30]

Here, the only evidence presented by Plaintiff is her subjective belief that she was treated differently because of her age. However, Plaintiff's subjective beliefs and perceptions about how she was treated cannot support an inference of pretext.[31] Plaintiff argues that Defendant took action against her but refused to investigate her complaints about her co-workers. Yet Plaintiff presents no evidence of the actions Defendant took in response to her complaints, only her speculation that she was subjected to differential treatment. The record is clear that Defendant's decision to suspend Plaintiff was based on its investigation into the serious accusations made

---

[26] *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1209 (10th Cir. 2007) (quoting *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006)).

[27] *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1044 (10th Cir. 2011) (internal quotation marks and citation omitted).

[28] *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1170 (10th Cir. 2007).

[29] *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017) (internal quotation marks and citation omitted).

[30] *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 925 (10th Cir. 2004) (internal quotation marks and citation omitted).

[31] *See DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 971 (10th Cir. 2017) ("In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision, and do not look to the plaintiff's subjective evaluation of the situation." (internal quotation marks and citation omitted)); *Aramburu v. Boeing, Co.*, 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (noting "subjective belief of discrimination is not sufficient to preclude summary judgment").

against her by her co-workers. There is nothing to suggest that the suspension was related to her age.

B.     RETALIATION

"A prima facie case of retaliation requires the plaintiff to show that (1) he or she engaged in protected opposition to discrimination, (2) a reasonable employee would have considered the challenged employment action materially adverse, and (3) a causal connection existed between the protected activity and the materially adverse action."[32] Importantly, "to establish a 'causal connection,' plaintiff must show that the individual who took adverse action against [her] knew of the employee's protected activity."[33]

Plaintiff alleges that she engaged in protected activity on August 21, 2019, when she complained about age discrimination to her supervisor, David Anderson. Plaintiff was suspended by Ms. Clegg shortly thereafter. However, Mr. Anderson never reported Plaintiff's concerns to Ms. Clegg, who was the person who made the decision to suspend Plaintiff, nor did Plaintiff report her concerns to Clegg.[34] As such, Ms. Clegg did not know about Plaintiff's claims of discrimination when she made the decision to suspend her.[35] Therefore, Plaintiff cannot show a causal connection between her alleged protected activity and her suspension.

Plaintiff also claims that she informed Defendant about her claims of age discrimination in a letter dated August 4, 2019, that was delivered at the end of the September 4 meeting.

---

[32] *Hinds*, 523 F.3d at 1202.

[33] *Williams v. Rice,* 983 F.2d 177, 181 (10th Cir. 1993) (citation omitted).

[34] Docket No. 19 Ex. A, at 117:18–119:2; *Id.* at 125:18–126:6; *Id.* at 149:6–13; Docket No. 19 Ex. B ¶ 16.

[35] Docket No. 19 Ex. D ¶¶ 15–16.

However, Plaintiff admits that the letter was provided at the end of the meeting, after she had already resigned.[36] Thus, it cannot form the basis for a retaliation claim, even if Plaintiff had a valid constructive discharge claim. While Plaintiff mentioned her age discrimination concerns during the September 4 meeting, there is no evidence connecting these statements to her decision to resign. Instead, she resigned because she believed she was going to be terminated.[37] For these reasons, Plaintiff has not presented a prima facie case for retaliation.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED.

DATED this 23rd day of August, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[36] Docket No. 19 Ex. A, at 125:18–126:7.

[37] *Id.* at 110:23–24; *Id.* at 167:14–168:15; *Id.* at 173:10–13.